ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
JOSHUA M. ROBBINS (Cal. State Bar No.: 270553)
Assistant United States Attorney
    8000 United States Courthouse
    411 West Fourth Street
    Santa Ana, California  92701
    Telephone:  (714) 338-3538
    Facsimile:  (714) 338-3708
    Email: joshua.robbins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>DOUGLAS WAYNE SCHNEIDER,<br><br>A fugitive from the Government of Canada. | No. SA14-089M<br><br>C O M P L A I N T<br><br>REQUEST OF THE UNITED STATES FOR DETENTION PENDING EXTRADITION PROCEEDINGS<br><br>Hearing Date:<br>February 28, 2014<br><br>Hearing Time:<br>2:00 p.m.<br><br>Hearing Place:<br>Criminal Duty - Magistrate Judge |

    Complainant, United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, hereby submits its request for

//
//
//
//

detention pending further extradition proceedings.

DATED: February 28, 2014.

                                      Respectfully submitted,

                                      ANDRÉ BIROTTE JR.
                                      United States Attorney

                                      DENNISE D. WILLETT
                                      Assistant United States Attorney
                                      Chief, Santa Ana Branch Office

                                      /s/

                                      JOSHUA M. ROBBINS
                                      Assistant United States Attorney
                                      Attorneys for Complainant
                                      UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

I.

PROCEDURAL BACKGROUND

This is an extradition matter.  The fugitive, DOUGLAS WAYNE SCHNEIDER, has been arrested pursuant to an extradition arrest warrant based on an extradition request from Canada.  The fugitive is the subject of an arrest warrant issued by a court in Alberta, Canada, for securities fraud, trading in unregistered securities, and related offenses.  The United States submits that detention of the fugitive is appropriate, and moves for such detention.

II.

ARGUMENT

In foreign extradition matters there is a presumption against bail and only "special circumstances" will justify release on bail.  <u>United States v. Salerno</u>, 878 F.2d 317, 317 (9th Cir. 1989); <u>see also</u> <u>Matter of Extradition of Smyth</u>, 976 F.2d 1535, 1535-36 (9th Cir. 1992); <u>Kamrin v. United States</u>, 725 F.2d 1225, 1228 (9th Cir. 1984).  "Special circumstances" are limited to situations in which the justification for release is pressing as well as plain.  <u>United States v. Kin-Hong</u>, 83 F.3d 523, 524 (1st Cir. 1996).  The "special circumstances" test permits release on bail only where, one, "special circumstances" exist, and two, the fugitive is not a flight risk or danger to the community.  <u>See, e.g.</u>, <u>Extradition of Gonzalez</u>, 52 F. Supp. 2d 725, 735 (W.D. La. 1999).  The "special circumstances" test is the standard for release on bail before the extradition

3

hearing and is fully applicable to situations where the fugitive has been arrested on a provisional arrest warrant. See United States v. Williams, 611 F.2d 914, 914-15 (1st Cir. 1979) ("The district court erred in limiting the 'special circumstances' rule to post-hearing bail applications"); Extradition of Mironescu, 296 F. Supp. 2d 632, 634 (M.D.N.C. 2003); United States v. Hills, 765 F. Supp. 381, 385 (E.D. Mich. 1991) (special circumstances test also applies to requests for release on bond, made after only a 'provisional arrest'"); cf. Wright v. Henkel, 190 U.S. 40, 41, 62-63 (1903) (case that is origin of "special circumstances" test).

There are a number of aspects of the "special circumstances" test in extradition cases that bear emphasis. First, the burden of showing special circumstances rests upon the fugitive. See, e.g., Salerno, 878 F.2d at 317-18. Second, the absence of flight risk does not constitute a special circumstance, nor is it a basis for release absent "special circumstances." Salerno, 878 F.2d at 317-18; accord Williams, 611 F.2d at 915; Hababou v. Albright, 82 F. Supp. 2d 347, 352 (D.N.J. 2000); Koskotas v. Roche, 740 F. Supp. 904, 919 (D. Mass. 1990), aff'd, 931 F.2d 169 (1st Cir. 1991); In re Extradition of Siegmund, 887 F. Supp. 1383, 1387 (D. Nev. 1995); United States v. Hills, 765 F. Supp. 381, 385 (E.D. Mich. 1991). Third, although there is no finite list of what factors may constitute "special circumstances," courts have stated that there is a presumption against bail and have narrowly circumscribed the set of factors that may present special

1  circumstances.  <u>Matter of Extradition of Sutton</u>, 898 F. Supp.
2  691, 694 (E.D. Mo. 1995) ("Courts have taken a limited view of
3  what constitutes 'special circumstances.'"); <u>Hills</u>, 765 F. Supp.
4  at 385.  Nearly a century ago, Judge Learned Hand wrote that
5  bail should be granted in extradition cases "only in the most
6  pressing circumstances, and when the requirements of justice are
7  absolutely peremptory."  <u>In re Mitchell</u>, 171 F. 289 (S.D.N.Y.
8  1909).  The courts frequent rejection of claims of special
9  circumstances since Judge Hand's day have shown that this
10 principle remains sound.  <u>See, e.g.</u>, <u>Extradition of Smyth</u>, 976
11 F.2d at 1535-36 (the need to consult with counsel, gather
12 evidence and confer with witnesses do not support finding of
13 special circumstances); <u>Hababou v. Albright</u>, 82 F. Supp. 2d at
14 351-52 (delay in extradition of at least a year while fugitive
15 was awaiting trial on U.S. charges does not constitute special
16 circumstances).

17     The rationale that informs the presumption against bail in
18 extradition cases is that the United States has an "overriding
19 foreign relations interest in complying with treaty obligations
20 and producing extradited persons."  <u>Hills</u>, 765 F. Supp. at 385.
21 The courts have long recognized that the presentation of the
22 forfeited bond to the requesting nation, in lieu of the body of
23 the prisoner, would fail to satisfy the international demand and
24 would cause embarrassment to the United States and damage to its
25 foreign policy interests.  <u>See</u> <u>Wright v. Henkel</u>, 190 U.S. at 62;
26 <u>accord</u> <u>Jimenez v. Aristiguieta</u>, 314 F.2d 649, 653 (5th Cir.
27 1963) ("No amount of money could answer the damage that would be

5

sustained by the United States were the appellant to be released on bond, flee the jurisdiction, and be unavailable for surrender, if so determined. The obligation of this country under its [extradition] treaty with Venezuela is of paramount importance."); Borodin v. Ashcroft, 136 F. Supp. 2d 125, 134 (E.D.N.Y. 2001) ("the presumption against bail in extradition cases counsels against incurring even a small risk [of flight] absent special circumstances"); United States ex rel. McNamara v. Henkel, 46 F.2d 84, 84-85 (S.D.N.Y. 1912) (presentation of forfeited bail to a foreign nation "is ridiculous, if not insulting").

No special circumstances appear to be present that would justify the release of the fugitive.

### III.

### CONCLUSION

In this case, no special circumstances appear to be present that would justify the release of the fugitive on bail. Even if such special circumstances were present, the fugitive presents an unacceptable risk of flight and danger to the community. The United States reserves the right, if the Court finds the presence of special circumstances, to argue to the Court the additional issues of the risk of non-appearance and danger to the community.